1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Frank Gregory Casella (SBN 301494)
   fcasella@donigerlawfirm.com
4  DONIGER / BURROUGHS
5  603 Rose Avenue
   Venice California 90291
6  Telephone: (310) 590-1820
7

8  Attorneys for Plaintiff

9

10            **UNITED STATES DISTRICT COURT**

11           **CENTRAL DISTRICT OF CALIFORNIA**

12  DESIRE, LLC, a California Limited Liability | Case No.:
    Company,
13                                             | PLAINTIFF'S COMPLAINT FOR
14      Plaintiff,                             | COPYRIGHT INFRINGEMENT
15      v.                                     | Jury Trial Demanded
16
17  MANNA TEXTILES, INC., a New York
    Corporation; A.B.N., INC., individually and
18  d/b/a "Wearever," a New York Corporation;
    TOP FASHION OF N.Y., INC., a New York
19  Corporation; BURLINGTON COAT
20  FACTORY DIRECT CORPORATION, a
    Delaware Corporation; ASHLEY
21  STEWART, INC., a New Jersey Corporation;
22  and DOES 1 through 10,
23
    Defendants.
24

25
        DESIRE, LLC, by and through its undersigned attorneys, hereby prays to this
26
    honorable Court for relief based on the following:
27
                                    1
28                              COMPLAINT

1

**JURISDICTION AND VENUE**

2    1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101

3    *et seq.*

4    2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and

5    1338 (a) and (b).

6    3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

7    1400(a) in that this is the judicial district in which a substantial part of the acts and

8    omissions giving rise to the claims occurred.

9

**PARTIES**

10   4.  Plaintiff DESIRE, LLC is a California limited liability company.

11   5.  Plaintiff is informed and believes and thereon alleges that Defendant

12   MANNA TEXTILES, INC. ("MANNA") is a New York Corporation, with its

13   principal place of business located at 270 W. 39th Street, New York, New York

14   10018, and is doing business in and with the state of California.

15   6.  Plaintiff is informed and believes and thereon alleges that Defendant

16   A.B.N., INC., individually and doing business as "Wearever" ("ABN") is a New

17   York Corporation, with its principal place of business located at 270 West 39th

18   Street, 3rd Floor New York, New York 10018, and is doing business in and with the

19   state of California.

20   7.  Plaintiff is informed and believes and thereon alleges that Defendant TOP

21   FASHION OF N.Y., INC. ("TOP FASHION") is a New York Corporation, with its

22   principal place of business located at 1407 Broadway, Suite 2112, New York, New

23   York 10018, and is doing business in and with the state of California.

24   8.  Plaintiff is informed and believes and thereon alleges that Defendant

25   BURLINGTON COAT FACTORY DIRECT CORPORATION ("BURLINGTON")

26   is a Delaware corporation, with its principal place of business located at 2006 Route

27

28

130 North Florence, New Jersey 08518, and is doing business in and with the state of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant ASHLEY STEWART, INC. ("ASHLEY") is a New Jersey Corporation, with its principal place of business located at 150 Meadowlands Parkway, Suite 403, Secaucus, New Jersey 07094, and is doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

<u>**CLAIMS RELATED TO DESIGN NO. CC3460**</u>

12. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled CC3460 ("Subject Design") which has been registered with the United States Copyright Office.

3
COMPLAINT

13. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

14. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, MANNA, TOP FASHION, ABN, BURLINGTON, ASHLEY, DOE Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to products sold by

    a. ASHLEY under SKU 200922358 and bearing the label "Ashley Stewart" and RN 133606. Plaintiff is informed and believes and thereon alleges that this garment was manufactured by TOP FASHION and MANNA.

    b. BURLINGTON under SKU SB98744394, Style No. 2404, and bearing the label "Wearever" and RN 132543, indicating that it was manufactured by or for ABN.

15. A representative image of the Subject Design and an exemplar of a Subject Product are set forth hereinbelow:

**Subject Design**           **Subject Product**

**Subject Design**  

**Subject Product**




### **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

16. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Designs.

18. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject

Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Designs, or were an illegal modification thereof.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues, and through on-line websites.

20. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

21. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

    a.  That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;

6
COMPLAINT

b.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

e.  That Plaintiff be awarded the costs of this action; and

f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 15, 2016                          DONIGER/BURROUGHS

                                By:   /s/ Stephen M. Doniger
                                      Stephen M. Doniger, Esq.
                                      Frank Gregory Casella, Esq.
                                      Attorneys for Plaintiff